UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA ESTELLA BOYD                          CIVIL ACTION


VERSUS                                     NO: 14-2166


CAROLYN W. COLVIN, ACTING                  SECTION: R
COMMISSIONER OF SOCIAL
SECURITY

## <u>ORDER AND REASONS</u>

Having reviewed the complaint,[1] the parties' motions,[2] the applicable law, the Magistrate Judge's Report and Recommendation,[3] and the plaintiff's objections to the Magistrate Judge's Report and Recommendation,[4] the Court approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion with the following additional analysis. Thus, it is ordered that plaintiff's complaint be DISMISSED WITH PREJUDICE.

---

[1] R. Doc. 1.

[2] R. Doc. 13; R. Doc. 14.

[3] R. Doc. 15.

[4] R. Doc. 16.

## I.    BACKGROUND

Plaintiff Lisa Boyd seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. § 423. Boyd filed her application for DIB on January 22, 2009, alleging disability beginning December 26, 2008, due to pain in her back, joints, and hands.[5] After conducting a hearing, an Administrative Law Judge ("ALJ") denied Boyd's application on February 26, 2010.[6] Boyd requested review by the SSA's Appeals Council, which vacated the ALJ's decision and remanded the case to the ALJ on April 6, 2011.[7] A different ALJ held a second hearing and rendered an unfavorable decision on August 15, 2011.[8] The Appeals Council again vacated and remanded to the ALJ for further evaluation and fact-finding.[9] After conducting three additional hearings, the ALJ denied Boyd's application on March 27, 2014.[10] Again, Boyd

---

[5] R. Doc. 15 at 1.

[6] *Id.*

[7] *Id.*

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

requested review by the Appeal's Council, which denied the request.[11]  Boyd then brought this action under Section 405(g) of the Social Security Act, seeking judicial review of the final decision of the Commissioner of the SSA. The case was referred to the Magistrate Judge, who ordered the parties to submit memoranda concerning Boyd's appeal.  The Magistrate Judge's Report and Recommendation ("R & R") recommends that the Court dismiss Boyd's complaint with prejudice.[12]

## II.   LEGAL STANDARD

The function of this Court on judicial review under 42 U.S.C. § 405(g) is limited to determining whether there is substantial evidence in the record to support the Commissioner's final decision, and whether the Commissioner applied the appropriate legal standards in reaching the decision. *See Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).  Substantial evidence is more than a scintilla, less than a preponderance, and such that a reasonable mind might accept a conclusion based thereon.  *See Spellman*, 1 F.3d at 360.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical

---

[11] *Id.*

[12] *Id.* at 64.

findings exist to support the Commissioner's decision. *See Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *See Martinez*, 64 F.3d at 173; *Spellman*, 1 F.3d at 360. Conflicts in evidence are for the Commissioner to resolve, not the courts. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

## III.  DISCUSSION

Boyd objects to the Magistrate Judge's R & R for a number of reasons. Specifically, Boyd objects to the R & R's findings related to the ALJ's decision to discount the opinions of Boyd's treating physician, the ALJ's reliance on the opinions of non-treating and non-examining physicians in making his residual functional capacity determination, and the ALJ's alleged failure to follow the Appeals Council's remand orders with respect to Boyd's depression and obesity. The Court addresses each set of objections in turn.

### A.  The ALJ's Decision to Discount the Opinions of Boyd's Treating Physician

Boyd objects to the Magistrate Judge's alleged failure to recognize the ALJ's error in giving reduced weight to the opinion of Boyd's treating physician, Dr. Heidenreich. First, Boyd argues that the ALJ was required, as

a matter of law, to give controlling weight to Dr. Heidenreich's opinions in evaluating her application for DIB.  According to Boyd, while the ALJ was permitted to consider the views of the non-treating physicians who testified at Boyd's hearings, the ALJ was obligated to adopt Dr. Heidenreich's opinions to the extent that the medical experts disagreed.  This argument is without merit.  As the Fifth Circuit has made clear, the ALJ, not the treating physician, has "sole responsibility for determining a claimant's disability status." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994); *see also Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *5 (5th Cir. Aug. 19, 2005) (noting that a treating physician's "medical opinions are not conclusive because it is the ALJ's role to decide the claimant's status").  In fulfilling this responsibility, "[t]he ALJ is entitled to determine the credibility of medical experts . . . and weigh their opinions accordingly." *Ramirez v. Colvin*, 606 F. App'x 775, 779 (5th Cir. 2015) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).  An ALJ is therefore free to assign little or no weight to the opinions of a treating physician when good cause is shown. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000) (citing *Greenspan*, 38 F.3d at 237).

  Here, the ALJ found good cause to give reduced weight to some of Dr. Heidenreich's opinions. Specifically, while the ALJ accepted Dr. Heidenreich's diagnoses of Boyd, he gave "little weight" to opinions that Dr. Heidenreich

provided in a check-the-box form regarding Boyd's functional abilities.[13]  The ALJ reasoned that Dr. Heidenreich completed the form more than six months after Boyd's date last insured, making it less relevant than earlier treatment records, and that the applicable treatment records provide little support for the opinions at issue.[14]  As for Dr. Heidenreich's hearing testimony, the ALJ found that the physician's opinions deserved only "some weight" because he was "equivocal" in his presentation.[15]  Because the ALJ found that good cause existed, the ALJ did not err in declining to adopt Dr. Heidenreich's views *in toto* or in resolving certain conflicts in favor of other physicians.  *See Byrd v. Comm'r of Soc. Sec.*, 368 F. App'x 542, 543 (5th Cir. 2010) ("Though the ALJ appears to have given less weight to the treating physician's opinions than to those of the medical expert called at the hearing, conflicts of evidence are for the Commissioner, not the courts, to resolve." (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991) ("The ALJ as factfinder has the sole responsibility for weighing the evidence and may choose whichever physician's diagnosis is most supported by the record.").

---

[13] R. Doc. 15 at 38, 42.

[14] *Id.*

[15] *Id.* at 48-49.

6

Second, Boyd contends that the ALJ incorrectly applied the six-factor test set forth in *Newton v. Apfel* when he decided to depart from Dr. Heidenreich's opinions.[16]  In *Newton*, the Fifth Circuit held that even when good cause exists to discount a treating physician's opinions, the "ALJ must consider the following factors before declining to give any weight to the opinions of a treating doctor: length of treatment, frequency of examination, nature and extent of relationship, support provided by other evidence, consistency of opinion with record, and specialization." *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001) (citing *Newton*, 209 F.3d at 458).   Here, although the ALJ explained his rationale for giving reduced weight to Dr. Heidenreich's check-the-box form, his analysis did not expressly refer to the sixth *Newton* factor: Dr. Heidenreich's specialization.   Under the Fifth Circuit's guidance in *Newton*, it is unclear, when good cause exists, whether an ALJ must apply the six-factor test when he declines to give a treating physician's opinion controlling weight, or instead only when he flatly rejects a treating physician's opinion.[17] Under the latter interpretation, the ALJ would

---

[16] R. Doc. 16 at 12.

[17] *Compare Jones v. Astrue*, 821 F. Supp. 2d 842, 852 (N.D. Tex. 2011) (finding that because "the ALJ did not entirely reject [the treating physician's opinion] and instead properly gave it less weight [it[ therefore did nto need to perform the six-step analysis discussed in *Newton*") *with M.P.B. v. Astrue*, No. 12-cv0088, 2013 WL 869385, at *5 (W.D. La. Feb. 11, 2013) (holding that "it is not only when the ALJ elects to give no weight to the opinion of the treating physician that *Newton* and the regulations require

not be required to apply the six-factor test in this case because he had good cause to give Dr. Heidenreich's opinion less weight and still considered it fully, as opposed to rejecting it. Even assuming the ALJ was required to apply the six factors, however, any error committed by the ALJ was harmless. As the Magistrate Judge noted, the ALJ's analysis acknowledged five of the six *Newton* factors. Moreover, the factor that the ALJ failed to address, specialization, *strengthens* the ALJ's decision to discount the opinion of Dr. Heidenreich, a family medicine practitioner, in relation to the opinions of non-treating physician Dr. Janese, a board-certified neurosurgeon. Thus, the Court finds that a more complete application of the *Newton* six-factor test would not have caused the ALJ to reach a different conclusion as to whether Dr. Heidenreich's opinions should be given more weight or whether Boyd was capable of performing work that exists in substantial numbers in the national economy. Accordingly, even if the ALJ erred, the Court declines to remand this case to the ALJ because Boyd suffered no prejudice. *See Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996) (holding that decision will not be reversed when claimant makes no showing that she was prejudiced by deficiencies she alleges).

---

the six-factor analysis").

Third, Boyd disputes the Magistrate Judge's finding that substantial evidence supports the ALJ's decision to give reduced weight to Dr. Heidenreich's opinions.[18]   This objection is essentially a recitation of the arguments that Boyd raised before the Magistrate Judge, which are thoroughly addressed in the R & R.  The Court rejects this objection for the reasons provided by the Magistrate Judge.

**B.   The ALJ's Assessment of Boyd's Residual Functional Capacity**

Boyd next objects to the R & R on the grounds that the Magistrate Judge failed to recognize the ALJ's error in giving "particular weight" to the opinion of a non-treating, non-examining physician in making his residual functional capacity determination.[19]   These objections repeat Boyd's arguments concerning the discount that the ALJ applied to Dr. Heidenreich's opinions-- arguments which are addressed in the R & R and in the previous section of this order.[20]   As the Magistrate Judge correctly concluded, the ALJ applied the correct legal standard, and substantial evidence supports the manner in which

---

[18] R. Doc. 16 at 14-16.

[19] *Id.* at 16-19.

[20] *Id.* at 18 ("The ALJ's preference of Dr. Lee's opinion has all of the same problems as his reliance on Dr. Janese's opinion to discredit Dr. Heidenreich's assessment.  The ALJ must prefer a treating, examining physician's opinion to a non-treating, non-examining physician's opinion.").

the ALJ weighed the evidentiary value of the various physicians' opinions. Boyd's arguments to the contrary are without merit.

### C.  The ALJ's Analysis Regarding Boyd's Depression

Boyd also contends that the ALJ violated the Appeals Council's remand order by failing to adequately evaluate whether Boyd's depression constituted a severe impairment at step two of the sequential analysis.[21] Boyd's arguments do not challenge the precedent cited in the R & R or dispute the Magistrate Judge's legal analysis.  For instance, the Magistrate Judge found, correctly, that because the ALJ denied Boyd's benefits based on his analysis at step five of the sequential analysis, the ALJ's alleged failures at step two are irrelevant and non-prejudicial.[22]  Without addressing this finding, Boyd continues to present past critiques of the ALJ's step two analysis and urges the Court to remand to the ALJ.  These arguments are without merit.

### D.  The ALJ's Evaluation of the Effects of Boyd's Obesity

Boyd's final objection is that the ALJ violated the Appeals Council's remand order by failing to conduct a more "transparent" analysis of the effects of Boyd's obesity.[23]  Again, Boyd neither challenges the precedent cited in the

---

[21] *Id.* at 19-20.

[22] R. Doc. 15 at 58-60.

[23] R. Doc. 16 at 21.

R & R nor raises any arguments disputing the analysis therein.  Instead, she merely reiterates old arguments and insists that her case must be remanded. The Magistrate Judge addressed each of Boyd's arguments at length, finding each to be without merit.  The Court rejects Boyd's objections for reasons the reasons set forth in the R & R.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this <u>14th </u>day of December, 2015.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11